**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>Jonathan Frank Davis,<br><br>　　　　Defendant/Movant. | No. CV-20-01717-PHX-DGC (ESW)<br><br>**ORDER** |

　　　　Pending before the Court is the Government's "Motion for Order Requiring Defendant to Execute Limited Attorney-Client Privilege Waiver Re: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 4), Movant's "Motion for Clarification of signed waiver for order Requiring defendant to Execute limited Attorney-Client Privilege: Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" (Doc. 12), and Movant's Motion for Appointment of Counsel (Doc. 14).  For the reasons set forth below, the Court will grant the Government's Motion (Doc. 4), deem Movant to have waived his attorney-client privilege for purposes of his Motion Under  28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence only, and deny Movant's Motion for Appointment of Counsel (Doc. 14).

## I. DISCUSSION

**A. Motion for Appointment of Counsel (Doc. 14)**

Movant requests the appointment of counsel because his access to legal research materials is limited at the prison in which he is currently housed (Doc. 14 at 1).

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered both elements, Movant has not shown that the interests of justice require the appointment of counsel in this case. Movant has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Movant's filings with the Court, as well as the instant motion, indicate that Movant remains capable of navigating his proceedings and presenting arguments to the Court. Movant is in a position no different than many pro se prisoner litigants. The Motion (Doc. 14) will be denied. Should the Court determine that an evidentiary hearing in this matter is required or counsel is necessary for the effective utilization of discovery procedures, counsel will be appointed. *See* Rules 6(a) and 8(c), 28 U.S.C. foll. § 2255.

**B. The Government's "Motion for Order Requiring Defendant to Execute Limited Attorney-Client Privilege Waiver Re: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 4) and**
**Movant's "Motion for Clarification of signed waiver for order Requiring**

**defendant to Execute limited Attorney-Client Privilege: Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" (Doc. 12)**

In his § 2255 Motion, Movant asserts three grounds for relief. In Ground One, Movant asserts that he received ineffective assistance of counsel because "[c]ritical information was withheld from [him] the day of trial when I accepted the fifth plea offer from the government . . . ." In Ground Two, Movant asserts that he received new evidence weeks after he accepted the plea agreement. In Ground Three, Movant asserts that the plea bargain process was coercive, rendering his guilty plea involuntary. (Doc. 1). The Court required the Government to answer the § 2255 Motion (Doc. 3 at 3).

Because Movant has alleged that his trial counsel was ineffective, the Government requested that the Court order Movant to sign a limited waiver of attorney-client privilege related solely to the § 2255 Motion to enable the Government to conduct limited discovery by speaking with trial counsel. (Doc. 4). Due to a docketing delay, the Court summarily granted the Government's Motion without the benefit of reviewing the Movant's Response (Doc. 6). (Doc. 5). The Court vacated its Order (Doc. 5) and set a reply deadline for the Government. (Doc. 8). Thereafter, Movant filed a limited waiver on the form provided by the Government. (Doc. 9). Because the waiver was inconsistent with Movant's position set forth in his Response (Doc. 6), the Government sought clarification. (Doc. 10). The Court ordered Movant to file a notice either (i) waiving his attorney-client privilege for purposes of his habeas case or (ii) objecting to the Government's request that he sign the limited waiver. (Doc. 11 at 1).

Rather than file a Notice, Movant filed a "Motion for Clarification of signed waiver for order Requiring defendant to Execute limited Attorney-Client Privilege: Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" (Doc. 12), which the Court deems to be the Movant's Notice. Movant objects to the Government's request that he sign a limited waiver and asks the Court "to firmly withdraw the signed waiver and to move forward with habeas case." (Doc. 12 at 3). The Government replied (Doc. 13), and the original Motion (Doc. 4) is fully briefed.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (*citing Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967)). This self-evident, basic rule is referred to as the "fairness principle." *Bittaker*, 331 F.3d at 719 (citations omitted). It ensures that the attorney-client privilege cannot be used as both a "sword and a shield." *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."). Simply stated, Movant may not abuse the privilege by asserting claims the opposing party cannot adequately dispute or challenge without access to the privileged materials. *Bittaker,* 331 F. 3d at 719. The privilege may be waived by implication when a party takes a position in litigation that makes it unfair to protect that party's attorney-client privilege. *Id.*

Because Movant has not abandoned any of his habeas claims, which expressly include a claim for ineffective assistance of trial counsel, he has waived by implication his attorney-client privilege for the limited purpose of this habeas litigation. Therefore, the Court will grant the Government's Motion (Doc. 4) and deny the Movant's request that his waiver be withdrawn (Doc. 12).

## II.  CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** granting the Government's "Motion for Order Requiring Defendant to Execute Limited Attorney-Client Privilege Waiver Re: Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" (Doc. 4).

**IT IS FURTHER ORDERED** denying Movant's "Motion for Clarification of signed waiver for order Requiring defendant to Execute limited Attorney-Client Privilege:

Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person in Federal Custody" (Doc. 12).

**IT IS FURTHER ORDERED** denying Movant's Motion for Appointment of Counsel (Doc. 14).

Dated this 3rd day of February, 2021.

*/s/ E. S. Willett*
Honorable Eileen S. Willett
United States Magistrate Judge